**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

vs.                                           Case No. 6:13-cv-587-Orl-37GJK

CREE, INC.,

        Defendant.

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Claim of Willful Infringement (Doc. 31), filed July 1, 2013, and Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 36), filed July 17, 2012.

**BACKGROUND**

In this patent infringement action, Plaintiff is the holder of a patent claiming low profile lights. Defendant is a competing manufacturer of such lights. Among other things, the Amended Complaint alleges that one of Defendant's products is sold in direct competition to a product made by Plaintiff. (Doc. 25, ¶ 9.) The Amended Complaint also alleges that Plaintiff's product is identified on its internet website as a commercial embodiment of the patent's claims. (*Id.*)

**STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are

not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

Defendant contends that the Amended Complaint does not allege sufficient facts to support Plaintiff's allegation that it willfully infringed the patent claims. Plaintiff rejects this contention, arguing that the factual allegations of the Amended Complaint are sufficient for one to infer that Defendant had knowledge of the patent.

The Federal Circuit has held that, because willfulness does not equate to fraud, a patent holder need only satisfy the requirements of Rule 8(a)(2). *Mitutoyo Corp. v. Central Publishing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007). Because the Amended Complaint contains facts from which one can infer Defendant knew of the patent prior to the filing of this action, and because one does not have to plead knowledge with particularity, *see* Fed. R. Civ. P. 9(b), the motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Claim of Willful Infringement (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 22, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record